UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: ) Chapter 13
**Craig Darrell Huff** )
**Stefanie Ann Huff** ) Case No.:
)
Debtor(s) ) Judge:

# CHAPTER 13 PLAN

**Extension ( )**                                                                                    **Composition ( X )**

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$300.00 monthly** to Trustee by **[XX] Payroll Deduction(s)** or by [ ] Direct Payment(s) for the applicable commitment period of **36** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

_____IF CHECKED, Plan payments will increase by $_____ on_____ upon completion or_____.
These additional funds will be allocated on a pro-rata basis to the claims being funded at the time.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

1

(A).  **Trustee's Fees**. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

(B).  **Debtor's Attorney's Fees**.  Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $3950.00 The base fee includes, but is not limited to, all anticipated services identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. The amount of $0 was paid prior to the filing of the case related to attorney's fees. The Debtor tendered $344 towards filing fees/court costs associated with this case prior to filing. This amount does not represent any credit towards the attorney fees associated with this case. The balance of the fee shall be disbursed by Trustee as follows: (a) All funds on hand after payment of pre-confirmation adequate payments and administrative fees shall be paid to the Debtor's attorney upon the first disbursement following confirmation of the Plan.  The remaining balance of the fees shall be paid up to $270.00 per month until the fees are paid in full; (b) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed $3,950.00, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable.

Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 7 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of the unpaid fee in this case and paid in accordance with paragraph 4(B)(a), above. If the base fee has been paid in full, then the fee shall be paid up to $270.00 per month, and the distribution to creditors shall be reduced, *pro rata*, by that amount until the additional fee is paid in full.

5.  **Priority Claims**.

(A).  **Domestic Support Obligations**.

__X__    None.  If none, skip to Plan paragraph 5(B).

(i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(ii).  The name(s) and address(es) of the holder of any domestic support obligation are as follows.  *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

_____
_____
_____

(iii).  Anticipated Domestic Support Obligation Arrearage Claims

(a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).  These claims

2

will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   __X__ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
|  |  |  |

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   __X__ None; or

Claimant and proposed treatment: _____

_____

_____

(B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| Internal Revenue Service | $2,000 |

6. **Secured Claims**.

  (A). **Claims Secured by Personal Property Which Debtor Intends to Retain**.

    (i). **Pre-confirmation adequate protection payments**. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

    _____ directly to the creditor; or

    __X__ to the Trustee pending confirmation of the plan or such longer period as may be provided herein below.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
|  |  |  |

(ii). **Post confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

　　X　　 None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

(b). **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

　　X　 None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Fair Market Value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
|   |   |   |   |   |   |

(c). **Other provisions**: NONE.

(iii) **Claims subject to lien avoidance pursuant to 11 U.S.C.§522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

Redmond Regional Hospital-jmt
Capital One-jmt

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| Litton Loan Servicing | 84 Barnsley Village Dr Adairsville, GA | $6,000 | $240/monthly to begin July 2010 |
| Litton Loan Servicing | 84 Barnsley Village Dr Adairsville, GA | $700 | $30/monthly to begin July 2010 |

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim to which 11 USC §506 applies filed by a secured lien holder whose collateral is surrendered will be permitted to file an unsecured deficiency claim as determined under State law. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose

5

upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights. Upon surrender of the collateral, the creditor may be permitted to file a deficiency claim as determined by state law.

| (a) Creditor | (b) Collateral |
|---|---|
|  |  |

7. **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$154,712.27**. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ **0** or **0** %, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

     **X**   None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate**. Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions**: Any tax refund that is issued to the Debtor (s) during the applicable commitment period shall be paid into the Chapter 13 case. Further, the Debtor(s) instructs and authorizes the Internal Revenue Service or any other applicable tax agency to send any refund issued during the applicable commitment period directly to the Chapter 13 Trustee.

   (A). **Special classes of unsecured claims**.

   (B). **Other direct payments to creditors**.

6

    (C). **Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with _7_% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

11.    **Request for Additional Time.** Debtor(s) will make a good-faith effort to file all documents and information required by 11 U.S.C. § 521(a)(1) within 45 days after the filing of the petition. In the event, however, Debtor(s) filings are deficient, Debtor(s) request, pursuant to 11 U.S.C. § 521(i)(3), an additional 45 days to file the information required under subsection (a)(1) (i.e., a total of 90 days after the filing of the petition) unless the court does not find justification for such extension.

Date:  May 4, 2009.

                                          _/s/_____
                                          **Craig Darrell Huff**

                                          _/s/_____
                                          **Stefanie Ann Huff**

_____/s/_____
**Brian R. Cahn – Attorney for Debtor(s)**
**GA Bar No: 101965**

# CERTIFICATE OF NOTICE

```
District/off: 113E-6           User: bennettm                Page 1 of 2                   Date Rcvd: May 05, 2009
Case: 09-41787                 Form ID: pdf589               Total Served: 69

The following entities were served by first class mail on May 07, 2009.
tr             +Mary Ida Townson,   Chapter 13 Trustee,   Suite 2700 Equitable Bldg.,   100 Peachtree Street, NW,
                 Atlanta, GA 30303-1906
11573997       +Adairsville HOA,   c/o At Home Property Management, LLC,   1245 Bentwater Dr,
                 Acworth, GA 30101-2263
11573998       +Advance Rehab,   PO Box 949,   Rome, GA 30162-0949
11573999       +Arrow Financial Service,   5996 W. Touhy Ave,   Niles, IL 60714-4610
11574000       +Bartow County Superior Court,   Case No 08-1063-B,   135 West Cherokee St,
                 Cartersville, GA 30120-3182
11574001       +Bartow County Superior Court,   Case No 08CV4741,   135 West Cherokee St,
                 Cartersville, GA 30120-3182
11574002       +Bartow County Tax Commissioner,   135 W. Cherokee Ave Ste 217A,   Cartersville, GA 30120-3181
11574003       +Capital Management Services,   726 Exchange Street, Ste 700,   Buffalo, NY 14210-1464
11574004       +Capital One,   c/o John M Duffoo, Esq,   PO Box 876,   Smyrna, GA 30081-0876
11574005       +Capital One,   PO Box 34111,   Memohis, IN 38184-0111
11574006       +Cartersville Emergency,   PO Box 404341,   Atlanta, GA 30384-4341
11574007       +Cartersville Medical Center,   PO Box 31172,   Tampa, FL 33631-3172
11574008        Cartersville OB/GYN Assoc,   958 A JFK Pkwy Ste 102,   Cartersville, GA 30120
11574009        Cartersville Pediatrics,   970 JFH Pkwy,   Suite 350,   Cartersville, GA 30120
11574010       +Cartersville Professional,   127A West Main St,   Cartersville, GA 30120-3574
11574011        Cartersville Radiology,   PO Box 200096,   Cartersville, GA 30120-9002
11574012       +Center for Athlete & Industry,   PO Box 1140,   Drawer 0766,   Birmingham, AL 35246-0001
11574013       +Children's Health Care of Atlanta,   PO Box 116293,   Atlanta, GA 30368-6293
11574014       +Corinth'ar Colleges, Inc,   6 Hutton Centre, Ste 400,   Santa Ana, CA 92707-8762
11574015       +Day Knight & Associates,   PO Box 5,   Grober, MO 63040-0005
11574016       +Dr. Jeanie Requa-Pfau,   200 Leake St,   Cartersville, GA 30120-3561
11574018        FMS Investment Corp,   PO Box 681515,   Schaumburg, IL 60168-1515
11574017       +Floyd Medical Center,   P. O. Box 233,   Rome, GA 30162-0233
11574019        Franklin Collection Service Inc,   PO Box 3910,   Tupelo, MS 38803-3910
11574020        Frost-Arnett Company,   PO Box 198988,   Nashvile, TN 37219-8988
11574021        GA Gastro & Liver Disease,   962 JFH Prkway,   Cartersville, GA 30120
11574022       +GC Services,   85 Annex,   Atlanta, GA 30385-0001
11574023       +Georgia Bone & Joint Surgeons, P.C.,   15 Medical Drive,   Cartersville, GA 30121-8005
11574024       +Georgia Inpatient Medicience,   PO Box 52007,   Atlanta, GA 30355-0007
11574027       +HSBC,   PO Box 5253,   Carol Stream, IL 60197-5253
11574026       +HSBC,   PO Box 5222,   Carol Stream, IL 60197-5222
11574025        Harbin Clinic,   PO Box 933196,   Atlanta, GA 31193-3196
11574028        Internal Revenue Service Insolvency,   Suite 400 Stop 334-D,   401 West Peachtree St, NE,
                 Atlanta, GA 30308
11574030        LHR,   56 Main St,   Hamburg, NY 14075-4905
11574029       +Lease Finance Group,   233 N Michigan Ave,   Chicago, Il 60601-5519
11574031       +Litton Loan Servicing,   4828 Loop Central Drive,   Ste 151,   Houston, TX 77081-2166
11574032       +Lovell & Clark Pathology,   PO Box 1740,   Dalton, GA 30722-1740
11574036      ++MARLIN MEDCLR INOVISION,   507 PRUDENTIAL ROAD,   HORSHAM PA 19044-2308
                 (address filed with court: NCO Financial Systems Inc,   PO Box 13574,   Philadelphia, PA 19101)
11574037      ++MARLIN MEDCLR INOVISION,   507 PRUDENTIAL ROAD,   HORSHAM PA 19044-2308
                 (address filed with court: NCO Financial Systems Inc,   PO Box 41466,   Philadelphia, PA 19101)
11574033       +McCalla Raymer, LLC,   1544 Old Alabama Road,   Roswell, GA 30076-2102
11574034       +Medical Data Systems, Inc,   2150 15th Ave,   Vero Beach, FL 32960-3436
11574038        North Georgia Regional Collections,   PO Box 1949,   Dalton, GA 30722-1949
11574039       +Northland Group, Inc,   PO Box 390846,   Edina, MN 55439-0846
11574040       +Northwest GA Dermatology, PC,   103 John Maddox Dr NW,   Rome, GA 30165-1419
11574045      ++PORTFOLIO RECOVERY ASSOCIATES LLC,   PO BOX 41067,   NORFOLK VA 23541-1067
                 (address filed with court: Portfolio Recovery,   PO Box 12914,   Norfolk, VA 23502)
11574041       +Pediatric Associates of Ocala,   2725 SE Mericamp Rd,   Ocala, FL 34471-5537
11574042       +Pediatric Endocrine,   1100 Lake Hearn Drive,   Atlanta, GA 30342-1523
11574043       +Pediatric Medicine of Cartersville,   20 Collins Drive, Ste B,   Cartersville, GA 30120-8533
11574044       +Phillips & Cohen Associates,,   PO Box 48458,   Oak Park, MI 48237-6058
11574046       +Preferred Anesthesia Consultants, LLC,   PO Box 1109,   Rome, GA 30162-1109
11574047        Professional Bureau of Collections,   of Maryland, Inc,   PO Box 4157,
                 Greenwood Village, CO 80155-4157
11574048       +Quest Diagnostics Inc,   PO Box 41652,   Philadelphia, PA 19101-1652
11574049        RAB, Inc,   PO Box 34111,   Memphis, Tn 38184-0111
11574054        RRMC Anesthesiology,   5001 Redmond Rd,   Rome, GA 30165
11574055       +RRMC ER Services,   PO Box 162970,   Atlanta, GA 30321-2970
11574050       +Redline Recovery Services, LLC,   6201 Bonhomme St, Ste 100S,   Houston, TX 77036-4379
11574051       +Redmond Park Hospital,   c/o Melissa Meggison,   1940 Lodge Rd NW, Ste 220,
                 Kennesaw, GA 30144-7553
11574052       +Redmond Regional,   PO Box 740766,   Cincinnati, OH 45274-0766
11574053        Rome Radiology Group OA,   1104 Martha Berry Blvd,   Rome, GA 30165-1694
11574056       +Scott Lasner, MD,   PO Box 129,   Mableton, GA 30126-0129
11574057       +Southeast Anesthesia PC,   Po Box 2260,   Cartersville, GA 30120-1688
11574058       +Southeast Pathology,   311 W 8th St,   Rome, GA 30165-2797
11574059       +The Healing Hand Clinic,   416 Grassdale Rd,   Cartersville, GA 30121-7839
11574060       +The Wooster Clinic,   PO Box 931941,   Cleveland, OH 44193-0004
11574061       +Thomas Roepke,   400 Galleria Prkway,   Atlanta, GA 30339-5980
11574062       +Tri-county,   PO Box 1725,   Ellijay, GA 30540-0033
11574063        Wellstar Cobb Hospital,   PO Box 406220,   Atlanta, GA 30384-6220
11574064        West Asset Management,   2703 N Highway 75,   Sherman, TX 75090
```

```
District/off: 113E-6          User: bennettm           Page 2 of 2              Date Rcvd: May 05, 2009
Case: 09-41787                Form ID: pdf589          Total Served: 69
```

The following entities were served by electronic transmission (continued)

The following entities were served by electronic transmission on May 05, 2009.
```
 11574035      E-mail/Text: ebn@phinsolutions.com                    Mitchell Kay,   PO Box 9006,
               Smithtown, NY 11787-9006
                                                                                              TOTAL: 1
```

```
              ***** BYPASSED RECIPIENTS *****
 NONE.                                                                                        TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 07, 2009**                    **Signature:**    _Joseph Speetjens_